UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE BJ BURGETT,

                Petitioner,                  Case No. 1:12-cv-709

v.                                           Honorable Robert J. Jonker

LINDA TRIBLEY,

                Respondent.

_____/

## OPINION

         This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations & Procedural History**

Petitioner is incarcerated in the Ojibway Correctional Facility.  He pleaded guilty in the Hillsdale County Circuit Court to attempted breaking and entering a building with intent, MICH. COMP. LAWS § 750.110.  On August 16, 2010, the trial court sentenced him as a third habitual offender, MICH. COMP. LAWS § 769.11, to imprisonment of five to ten years.  The trial court provided the following reasoning for the sentence imposed:

The guidelines as scored come out to 12 to 36 months.

As I indicated, Mr. Burgett, this crime constitutes your sixth felony conviction. However, the guidelines fail to consider or give adequate weight to a number of factors.

First, you have been convicted of twenty-seven misdemeanors, only seven of which are scored by the guidelines.

Two, the guidelines fail to consider the repetitive nature of your convictions.  You have been convicted of eleven alcohol or drug related offenses and eleven times for driving while license suspended.

Third, the guidelines fail to consider that you have been placed on probation four times and violated the same eight times.  You have committed nine new misdemeanors while on probation.  You have committed three new misdemeanors and one felony while on bond pending disposition on prior arrests.

Fourth, you have a serious alcohol problem.  You have been abusing alcohol regularly since 16 years of age.  You have eleven convictions for alcohol or drug related offenses.  You have never attended or taken any effort to obtain substance abuse treatment.

You, sir, are in need of long-term discipline, reformation, rehabilitation and deterrence. Society merits protection from you.  The Court finds these reasons to be substantial and compelling to warrant departure.

\*\*\*

I fully exercise my discretion under the Habitual Offender Act.  I fully appreciate I have discretion to do so, but based on your record and circumstances of this case I impose the sentence that I do.

-2-

(Pro Per Appl. for Leave to Appeal, docket #1-1, Page ID#59.)

Petitioner filed a delayed application in the Michigan Court of Appeals raising the following claim of error:

> PETITIONER MUST BE RESENTENCED BECAUSE THE SENTENCING COURT FAILED TO STATE LEGALLY VALID, OBJECTIVE AND VERIFIABLE REASONS IN SUPPORT OF THE DEPARTURE AND EXTENT OF THE DEPARTURE FROM THE MICHIGAN SENTENCING GUIDELINES.

(Appl. for Leave to Appeal, Attach. 1 to Pet., docket #1-1, Page ID#60.) The court of appeals denied Petitioner's application for leave to appeal on October 24, 2011, for lack of merit in the grounds presented. Petitioner presented the same claim in his application for leave to appeal in the Michigan Supreme Court, which was denied on April 18, 2012, because the court was not persuaded that the question presented should be reviewed by the court. Petitioner now raises the same sentencing claim in his application for habeas corpus relief.

## Standard of Review

The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

### Discussion

Petitioner maintains that the trial court abused its discretion when it departed from the sentencing guidelines without providing a substantial and compelling reason for the departure as required by *People v. Babcock*, 666 N.W.2d 231 (Mich. 2003).  Petitioner's claim that the trial court violated Michigan law is not cognizable on habeas review.  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  Thus, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67–68; *see also Pulley v. Harris*, 465 U.S. 37, 41 ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Koras v. Robinson*, 123 F. App'x 207, 214 (6th Cir. 2005) (trial court's failure to articulate reasons for the sentence imposed "is not itself a basis for federal habeas corpus relief.").

To the extent Petitioner suggests to his due process rights were violated in the sentencing proceedings, his claim is without merit.  "It is undisputed that convicted defendants . . . have a due process right to a fair sentencing procedure." *United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990).  The record provided by Petitioner indicates, however, that he received the process to which he claims he was entitled.  The trial court gave Petitioner reasons for departure from the guidelines.  The court noted that the instant offense was Petitioner's sixth felony conviction and that he also had twenty-seven misdemeanor convictions.  The court further noted that Petitioner had a long-standing history of substance abuse and had been convicted of eleven drug or alcohol-related

-4-

offenses.  The court also cited Petitioner's history of probation failure and commission of new criminal offenses while on probation.  Petitioner does not challenge these findings.

In addition, it is clear from *Austin v. Jackson*, 213 F.3d 298 (6th Cir. 2000), that sentencing above the guideline range, even significantly above the guideline range, is not a due process violation.  "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.' "  *Id.* at 301 (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)); *see also Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004) (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted).  In Petitioner's case, the statutory maximum penalty for breaking and entering a building with intent is ten years.  MICH. COMP. LAWS § 750.110(1).  Petitioner's sentence of five to ten years did not exceed the statutory limit, nor is it so disproportionate to the crime as to be arbitrary or shocking.  *Doyle*, 347 F. Supp. 2d at 485.  The state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent.  28 U.S.C. § 2254(d).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   ___August 15, 2012___          /s/ Robert J. Jonker_____
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE